IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY KAY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:21-cv-02543-C |
| | § | |
| JENNIFER BICKEL COOK, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

A)      **Plaintiff's Copyright Infringement Claim Fails.**

In Plaintiff Mary Kay, Inc.'s ("Mary Kay" or "Plaintiff") response to Defendant Jennifer Cook's ("Cook" or "Defendant") motion to dismiss (the "Motion) (Dkt. 19) Mary Kay's first amened complaint ("Complaint") (Dkt. 18), Mary Kay alleges that the Court cannot and should not rule on Cook's fair use defense to its copyright infringement claim at the pleading stage. However, as stated in the Motion, the Court can indeed resolve the issue on the pleadings if the Complaint contains facts sufficient to evaluate each of the statutory factors, as the Fifth Circuit did in a comparable case just a few months ago. *See Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022). Like in *Bell,* the allegations in Mary Kay's Complaint contain sufficient facts to evaluate all of the fair use statutory factors. And, like in *Bell*, all of the four factors weigh in favor of a finding of fair use here.

1.     <u>Factor one</u>.

Factor one considers "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107(1). Again, Cook concedes that her Book is of a commercial nature, which is the first element for consideration under this factor.

As for the second element, good faith, Mary Kay claims that it pled Cook did not act in good faith because she did not send it a copy of her Book when requested prior to publication.[1] But Mary Kay does not cite to any legal requirement which mandated that Cook send Mary Kay a copy – there, of course, is none. Nor is there any legal requirement that Cook seek Mary Kay's "permission" prior to publication. Tellingly, Mary Kay does not and cannot cite to any legal precedent to show that Cook's failure to do so showed a lack of good faith.

---

[1] Complaint, at ¶¶ 22-27.

To the contrary, Cook's act of citing to every single quoted passage from the Copyrighted Works in the Book and her identification of Mary Kay Ash as the author – as Mary Kay concedes in its Complaint[2] – is an expression of good faith on her part, as the Fifth Circuit held in the *Bell* case.

Finally, the Book is transformative, the final element of the first fair use factor. Mary Kay claims that the Book is not transformative because it contains verbatim passages from the Copyrighted Works. Cook admits to same, but the passages cited constitute just small pieces from four separate Copyrighted Works; the Book is actually a memoir of Cook's own memories and lessons that she personally observed and learned from Mary Kay Ash, as the Complaint concedes.[3] This is the very genesis of a transformative work. Accordingly, factor one weighs in favor of fair use.

　　2.　　Factor two.

Factor two looks to the nature of the copyrighted work. 17 U.S.C. § 107(2). Mary Kay concedes, as it must, that the Book is a factual work,[4] which weighs heavier in favor of a finding of fair use. Mary Kay also concedes, as it must, that the Copyrighted Works were published decades ago,[5] also broadening the scope of fair use as opposed to if they had not been published. And, Mary Kay concedes that the Book has merely disseminated the underlying facts in the few citations to the Copyrighted Works in the Book.[6] Accordingly, factor two weighs in favor of fair use.

---

[2] Complaint, at ¶¶ 28-29, and App. A.
[3] Id.
[4] Complaint, at ¶¶ 22, 30.
[5] Complaint, at ¶ 16.
[6] Complaint, at ¶¶ 28-29, and App. A.

3. <u>Factor three</u>.

Factor three examines the amount and substantiality of the portion used in relation to the copyrighted work as a whole. 17 U.S.C. § 107(3).

As stated in the Motion, Mary Kay's Complaint identifies a mere 23 sentences or partial sentences of quoted content from four different Copyrighted Works in the more than 200 pages that form the Book.[7] Specifically, there are ten sentences or partial sentences allegedly copied from *You Can Have it All*, five sentences or partial sentences allegedly copied from *Mary Kay*, four sentences or partial sentences allegedly copied from *Mary Kay (3d. ed.)*, and four sentences or partial sentences allegedly copied from *Mary Kay on People Management*.[8] The quoted passages form a miniscule portion of the total content of the Book. Mary Kay's bare claim that the Book contains just two or three chapters of original content is belied by its own Complaint: the aforementioned 23 sentences or partial sentences from the Copyrighted Works constitute the entirety of the copied content in the more than 200 pages that comprise the Book. Accordingly, factor three supports a finding of fair use.

4. <u>Factor four</u>.

Factor four examines "the effect of the use" on the market for and value of the copyrighted work. 17 U.S.C. § 107(4). The only real argument lodged by Mary Kay here is that the Court cannot evaluate factor four at the pleading stage. However, the Court can indeed do so, as did the Fifth Circuit in *Bell*, affirming the trial court's dismissal based on fair use.

To be sure, the Court can look to the Complaint and decide, based on microscopic amount of quoted content from the Copyrighted Works that Cook included in the Book, all of

---

[7] Complaint, at ¶ 29, and App. A. Under Fed. R. Evid. 201, the Court can take judicial notice of the publicly available fact of the length of the Book. See e.g. https://www.amazon.com/Pass-What-Learned-Mary-Kay/dp/1612545238/ref=asc_df_1612545238/?tag=hyprod-20&linkCode=df0&hvadid=532660552781&hvpos=&hvnetw=g&hvrand=7112504576514622880&hvpone=&hvptwo=&hvqmt=&hvdev=c&hvdvcmdl=&hvlocint=&hvlocphy=9026807&hvtargid=pla-1409827204988&psc=1.
[8] Complaint, at App. A.

which she properly ascribed to the author – Mary Kay Ash – whether it could cause a substantially adverse impact on the potential market for the Copyrighted Works. And, in doing so, it is obvious that the Book does not reproduce such a substantial portion of the Copyrighted Works "as to make available a significantly competing substitute" for the original work." *Bell*, 27 F.4th at 325. Accordingly, factor four supports a finding of fair use.

Since all four of the fair use factors weigh in favor of a finding of fair use, Mary Kay's copyright infringement claim should be dismissed.

**B)     Plaintiff's False Endorsement Claim Fails.**

The Lanham Act provides a cause of action to combat consumer confusion about a person's affiliation, such as a false endorsement or false advertising. 15 U.S.C. § 1125(a)(1); *Klayman v. Judicial Watch, Inc.,* 6 F.4th 1301, 1314 (D.C. Cir. 2021), *cert. denied*, No. 21-1264, 2022 WL 1528530 (U.S. May 16, 2022). This provision "prohibits 'false representations concerning the origin, association, or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress, or other device.' " *Dryer v. Nat'l Football League*, 814 F.3d 938, 944 (8th Cir. 2016) (quotations omitted). To establish a false endorsement claim, the plaintiff must allege that the defendant made statements that are either "literally false as a factual matter" or "literally true or ambiguous but which implicitly convey a false impression, are misleading in context, or [are] likely to deceive consumers." *Id*. (quotations omitted).

Mary Kay pled that the Book was written from the perspective of a trusted friend of Mary Kay Ash and infringes on the likeness of Ms. Ash with the unauthorized use of her words.[9] However, as stated in the Motion, Mary Kay is effectively trying to assert a false endorsement claim on behalf of Mary Kay Ash, not itself. Indeed, the words and likeness of Mary Kay Ash

---

[9] Complaint, at ¶ 65.

belong to her, not Mary Kay the company. There can be no false endorsement belonging to Mary Kay the company as a result of Cook's use of the words and likeness of Mary Kay Ash the person. Mary Kay does not even address this argument in its response to the Motion.

In its response, Mary Kay cites to Section 43(a)(1)(A) of the Lanham Act and caselaw interpreting same with respect to false endorsement claims arising out of the alleged use by a defendant of a legally protected *trademark*. But these are inapplicable here where Mary Kay does not cite to a single legally protected trademark that Cook allegedly used in the Book or otherwise. To the contrary, Mary Kay merely states that Cook has used words, terms, names and photographs which are likely to deceive customers into believing that the Book is sponsored, endorsed, approved by, affiliated, connected, or otherwise associated with Mary Kay.[10] But none of the cases cited by Mary Kay provide such protection under the Lanham Act where there has been no allegation of a use by Cook of Mary Kay's trademark, trade dress or name. *See id*. Accordingly, Mary Kay's false endorsement claim should be dismissed.

**C)   Plaintiff's Breach of Contract Claim Fails.**

As stated in Cook's Motion, Mary Kay erroneously asserts a claim against Cook for breach of the Mary Kay Employee Handbook. However, under well settled law, an employee handbook is not a contract.

Mary Kay argues that all of the cases relied on by Cook in support of this argument were in the context of an employee trying assert a breach of contract claim against an employer arising out of an employee handbook, but not the converse: an employer asserting such a claim against its employee. This is non-sensical. It is of course axiomatic that for there to be a binding contract, it must contain, among other things, reciprocal obligations on the part of both parties. Thus, if an employee cannot establish a breach of contract claim against and employer for breach

---

[10] Id. at ¶ 64.

of an employee handbook because an employee handbook lacks such reciprocal obligations, then the same holds true for the other purported party to the contract – the employer. Tellingly, Mary Kay does not identify any cases in which an employer successfully established a claim for breach of contract against its employee arising out of an employee handbook. Simply, none exists.

With respect to Mary Kay's claim for breach of the NDA, Cook acknowledges that an NDA can constitute an enforceable contract. But where Mary Kay's pleadings fail is with respect to a complete and utter lack of any factual allegations describing what "proprietary information" it supposedly provided Cook, and what "proprietary information" Cook allegedly used or disclosed in her book. This dooms Mary Kay's claim for breach of the NDA because it is required to provide more than just bare and conclusory allegations regarding alleged "proprietary information;" it should have to detail what "proprietary information" it is referring to. *Twombly* requires at least that much. Accordingly, Mary Kay's breach of contract claim should be dismissed.

D)     **Plaintiff's Common Law Misappropriation Claim Fails.**

As stated in the Motion, Mary Kay's claims against Cook revolve entirely around Cook's alleged use and reproduction of Mary Kay's Copyrighted Works and those same acts form the basis for Mary Kay's common law misappropriation claim. Under these circumstances, Fifth Circuit precedent holds that the Copyright Act preempts the misappropriation claim, and it should be dismissed.

To get around this seemingly easy question, Mary Kay argues that its claims arise out of Cook's alleged copying of its Copyright Works *and* some yet to be identified "proprietary information." But that ignores the Court's duty to look at the genesis of the claims to determine whether they fall within the general scope of copyright law. *See Digital Drilling Data Sys.,*

*L.L.C. v. Petrolink Services, Inc.*, 965 F.3d 365, 377 (5th Cir. 2020). And, once it does so, if the Court finds that the misappropriation claim was based on interests protected by the Copyright Act, then the misappropriation claim is preempted. *See Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 789 (5th Cir. 1999).

Such is the case here. Mary Kay's claims at their core arise out of Cook's alleged reproduction, distribution, and preparation of derivative works of Mary Kay's Copyrighted Works in her book. This is the precisely type of interest protected by the Copyright Act and why the misappropriation claim is preempted. *See Alcatel USA*, 166 F.3d at 789 (holding that the plaintiff failed to demonstrate the presence of any element that renders different in kind its rights under state and federal law, and thus its misappropriation claim is preempted by federal copyright law); *See also, Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir. 1995) (holding that plaintiffs' state law misappropriation claim was preempted by the Copyright Act because the claim centered on the improper copying of a song, an interest clearly protected by the Copyright Act, and the core of the state law claim is the same: the wrongful copying, distribution, and performance of the song).

Alternatively, Mary Kay argues that its misappropriation claim survives because it has pled that Cook took "proprietary information" that it created through extensive time, labor, skill, and money and used it to compete with Mary Kay. But this is a mere formulaic recitation of legal elements absent any factual support, as is required by *Twombly*. Yet again, Mary Kay refuses to identify what "proprietary information" *it* created through extensive time, labor, skill, and money and was allegedly used to compete with Mary Kay. As Mary Kay's response to the Motion concedes, the Book contains Cook's personal stories and observations about Mary Kay's founder, Mary Kay Ash, a close friend and mentor of Cook's for decades. How that could

possibly be considered proprietary information that was created by Mary Kay, a company Ms. Ash founded, is unexplained. Finally, Cook is not in any way a competitor of Mary Kay's. Accordingly, Mary Kay's common law misappropriation claim should be dismissed.

**E)      Plaintiff's Breach of Fiduciary Duty Claim Fails.**

Mary Kay's breach of fiduciary duty claim suffers from the same lack of factual support as its breach of contract claim. Specifically, Cook is at the very least entitled to be provided in Mary Kay's Complaint with a description of what "proprietary information" belonging to Mary Kay she allegedly took with her when she left Mary Kay's employ more than four years ago and what "proprietary information" that she has allegedly used or disclosed in the Book. Mary Kay cannot identify any such information because Cook did not print anything in the Book that could even remotely be considered as "proprietary information" belonging to Mary Kay. Accordingly, Mary Kay's breach of fiduciary duty claim should be dismissed.

## PRAYER

Cook respectfully requests that the Court grants her motion to dismiss Mary Kay's first amended complaint, and for such other relief that she may show herself justly entitled.

> Respectfully submitted,
>
> By: */s/ Eric C. Wood*
> Eric C. Wood
> State Bar No. 24037737
> eric@brownfoxlaw.com
> BROWN FOX PLLC
> 6303 Cowboys Way, Suite 450
> Frisco, Texas 75034
> Phone: (214) 327-5000
> Fax: (214) 327-5001
>
> ATTORNEYS FOR DEFENDANT
> JENNIFER BICKEL COOK

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system on July 20, 2022.

*/s/ Eric C. Wood*
Eric C. Wood